STOULIG, Judge.
Plaintiffs, Mr. and Mrs. William Robinson, filed suit against Mr. and Mrs. Philip Zazulak and their insurer, Liberty Mutual Insurance Company, alleging the negligence of defendant driver, Mrs. Philip Zazulak, in hitting Mrs. Robinson’s vehicle in the rear, caused her personal injuries and the Robinson community special damages. After the conclusion of the original trial, judgment was rendered dismissing their suit; however, a new trial was granted for the limited purpose of permitting plaintiffs to introduce documentary evidence to support their claim for reimbursement for the repair of their automobile. The trial judge then awarded plaintiff William Robinson $149.-07, the amount a written appraisal estimated as the cost of repair. Defendants have appealed. Plaintiffs have answered the appeal seeking reimbursement for the alleged medical expenses attributable to the accident and a pain and suffering award.
We first consider plaintiffs’ request for modification of the judgment. Mrs. Robinson, who had some experience as an insurance claims adjuster, was involved in two markedly similar accidents — one on March 21, 1968 with Mrs. Philip Zazulak, and a second on May 10, 1968. She settled her claim for personal injuries arising out of the May accident for $3,000. Its only significance to the claim before us is that her statements given to further that claim conflict with her testimony in this case and create the inference that she attempted to collect twice for the aggravation of a breast cyst and a neck injury which may or may not have been attributable to one or both accidents.
*793 Even without written reasons it is obvious why the trial court dismissed the claim for personal injuries. Her testimony is not believable. The only facts that clearly emerge from this record are: (1) that Mrs. Robinson’s vehicle, stopped at the foot of the Carrollton exit ramp off I-10, was lightly hit in the rear by a car driven by Mrs. Zazulak; (2) that Mrs. Robinson was involved in two accidents on the traffic ramps of 1-10 on March 21, 1968 and May 10, 1968; and (3) that Mrs. Robinson underwent surgery on July 21, 1968 to have a tumor removed from her right breast.
Plaintiff attempted to establish a blow to her right breast in the accident activated the cyst; however, it appears that this condition was treated by Dr. John Blalock, who aspirated the fluid from the enlarged cyst, at Ochsner Foundation Hospital on April 4, 1968. In giving her medical history to Dr. Blalock, Mrs. Robinson did not mention the accident of March 21. But in July 1968 she told Dr. David Aiken, the surgeon who removed the breast tumor, that she struck her right breast on the steering wheel when her car was hit in the March accident. Her history recorded by Dr. Aiken relates her involvement in both accidents; however, she told him she had barely recovered from the severe neck pain that developed after the March accident when she was involved in the May accident. This statement directly contradicts her testimony that the neck pain caused by the first accident never subsided and was unchanged by the second incident, other than perhaps to sharpen the intensity of the pain. The contradictions here noted are merely illustrative of the numerous inconsistencies throughout.
Mrs. Robinson’s testimony regarding her second accident further strengthens the inference she attempted to manufacture claims for each incident. When asked whether she settled her claim for injuries stemming from the May 10, 1968 accident, she denied even making a claim. Possibly if she were not an experienced claims adjuster, we might credit her assertion to a misunderstanding. Before answering she asked to consult with her attorney and when this request was denied, she finally admitted making the claim. In this connection we further note that when she consulted Dr. William Fisher for treatment of her injuries allegedly sustained in the second accident, Mrs. Robinson failed to mention the fact that she injured her neck in a similar accident less than two months previously.
Her repeated self-contradictory testimony is incredible and not worthy of belief. We have cited several instances of Mrs. Robinson’s contradictory testimony because we find merit in the defendants’ contention we should apply the falsus in uno, falsus in omnibus principle in reversing the judgment awarding $149.07 property damage to Mr. Robinson and affirming the trial court’s dismissal of Mrs. Robinson’s claim for personal injuries.
 That doctrine presupposes that a witness who will testify falsely about a material fact is capable of perjury.[1] Thus the judge may discredit the full testimony of any witness after it is demonstrated he or she willfully misrepresented one material fact. If however certain statements of the witness are corroborated by other credible and uncontroverted evidence, those segments of the witness’ testimony may be accepted.[2]
In the case before us, plaintiff produced documents to support the claim for damages to his vehicle allegedly sustained in the March 1968 accident. These were introduced as “newly discovered evidence” to clarify the confusion on this point created by the discrepancies between Mrs. Robinson’s testimony and her written statement introduced in evidence in the original trial. Initially, Mrs. Robinson testified the damage from the March 21 accident was re *794 paired prior to the May 10 incident. She further stated the car was not damaged in the second accident. Yet included in the statement she gave in connection with the May 10 accident was this assertion: “ * * * My car was damaged to the right rear to the extent of about $140.00 to $150.00. It has not been repaired * * * . ” At the trial Mr. Robinson contradicted her testimony by stating that the estimates for damages sustained in the March accident were obtained in June 1968 and claimed the car was not repaired after the first accident.
The documents introduced in evidence to clarify these contradictory statements did not help. On the exhibit marked “New trial Plaintiff I”, a $149.07 repair estimate of Louisiana Auto Appraisal, the date is obviously altered. It appears that the figure 8 in the date “8-9-68” has been changed to a 4, which, as revised, would date the estimate between the first and second accident. Further on an exhibit marked “New trial Plaintiff III”, a telephone report of the March accident made by Mrs. Robinson to the insurance company, under damage the notation “None” has been scratched through and “bumper-slight tail light & back” inserted. It is possible the documents on their face could have been scratched through or altered by the person writing them at the time they were made, but because the new trial exhibits are hardly free from ambiguities, they cannot be used as corroborative evidence to support parts of the testimony of Mr. or Mrs. Robinson who made several contradictory statements bearing upon the repair to the automobile.
Because we will apply the falsus in uno, falsus in omnibus principle and reverse the property damage award, we need not consider whether the exhibits introduced by plaintiffs on the new trial were admissible as newly discovered evidence.
For the reasons assigned the judgment appealed from is reversed. Plaintiffs are to pay all costs of this litigation.
Reversed.

. Gambino v. Duplessis, 138 So.2d 868 (La. App.4th Cir. 1962).

. Succession of Viosca, 202 So.2d 511 (La. App.4th Cir. 1967).